**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SIMRANJIT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:25-69 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 10) filed by Simranjit Singh ("Petitioner") under 28 U.S.C. § 2241. For the reasons below, the Court will deny the petition.

## I.    Relevant Procedural and Factual Background

Petitioner is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), which houses him at FCI Loretto. He is serving a sentence of 60 months' imprisonment imposed following his convictions for conspiracy to commit alien smuggling and alien smuggling. *United States v. Singh*, 8:22-cr-199 (N.D.N.Y.). The trial court did not order a term of supervised release as part of Petitioner's sentence. (ECF No. 15-6 at 3.) His projected release date is September 20, 2026 (ECF 15-1 ¶ 3.)

Petitioner initiated the instant litigation by lodging a petition in this Court on February 27, 2025 (ECF No. 1) that was later docketed. (ECF No. 10.) Petitioner challenges the way in which the BOP is calculating his federal sentence, contending that it has refused to award him First Step Act ("FSA") Earned Time Credits ("ETCs") to his sentence as required by law. Respondent filed

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

an answer (ECF No. 15) and Petitioner filed a reply. (ECF No. 17.) Respondent then filed a sur-reply (ECF No. 19) and Petitioner filed a response. (ECF No. 20.)

Thus, the Petition is ripe for review.

**II.     Analysis**

      A.     <u>Legal Standard</u>

In order to obtain habeas relief, Petitioner has the burden of demonstrating that he "is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Section 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear challenges to BOP decisions that potentially affect the duration of his custody. *See*, *e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990); *see also Dababneh v. Warden Loretto FCI*, 792 Fed. Appx. 149, 150 n.2 (3d Cir. 2019).

      B.     <u>Petitioner's Claim</u>

Under the FSA, an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" "towards time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (d)(4)(C). Petitioner asserts that the BOP improperly refused to apply ETCs to his sentence so that he could obtain early supervised release.[2]

Respondent asserts that Petitioner is not entitled to any relief with respect to ETCs. Citing 18 U.S.C. § 3624(g)(3) and 28 C.F.R. § 523.44(d)(2), it notes that the BOP may only use ETCs to transfer an inmate to supervised release ahead of the scheduled release date if the sentencing court included a term of supervised release after imprisonment as part of the sentence. Here, Petitioner's sentence did not include a term of supervised release. As a result, while Petitioner is eligible to

---

[2] Petitioner also refers to the attachment of a "public safety factor" to him. (ECF No. 10 at 4.) The BOP did not use this factor to prevent Petitioner was accruing ETCs. (*See* ECF No. 10-3 at 1; ECF No. 10-4 at 2.)

earn ETCs towards prerelease custody, he is not entitled to applying those credits to early supervised release. Respondent has also provided evidence that as of April 2, 2025, Petitioner has earned 75 days of credit towards possible early release to a Residential Reentry Center or Home Confinement.[3] (ECF Nos. 15-1, 15-5.)

Petitioner's challenge of the application of his ETCs is unavailing. As Respondent correctly argues, the FSA does not permit ETCs to be applied to transfer a prisoner to early supervised release when no term of supervised release was imposed by the sentencing judge. *Vega v. Underwood*, Civ. A. No. 3:25-25, 2025 WL 3687617 (W.D. Pa. Dec. 18, 2025); 28 C.F.R. § 523.44. Thus, because a term of supervised release was not part of his sentence, Petitioner is not entitled to an application of ETCs for early supervised release. It is also worth noting, however, that the ETCs he earns apply towards possible prerelease custody, and according to Respondent, are being so applied.

As Petitioner is receiving the ETCs to which he is entitled, no habeas relief is warranted.

## III.    Conclusion

For these reasons, the Court will deny the petition.

An appropriate Order follows.

April 15, 2026                                    /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

---

[3] In his Reply, Petitioner disputes the start date for accrual of ETCs that is provided in the worksheet submitted by Respondent. To the extent this dispute is a new claim, it is improperly asserted and will not be addressed. A habeas petitioner cannot raise new claims in a reply (formerly known as a traverse) or in other filings made after the respondent has filed the answer. Therefore, the only claim properly before the Court is the claim that Petitioner raised in the petition. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must: (1) specify *all* the grounds for relief available to the petitioner .... [.]") (emphasis added); Local Rule 2254.B.2.b ("The petitioner is to state *all* grounds for relief ...." (emphasis in original)); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.")